FILED

JUN 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ATIQUR RAHMAN KHAN, | No. 07-71388 |
| Petitioner, | Agency No. A096-361-115 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010**

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Atiqur Rahman Khan, a native and citizen of Bangladesh, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence, *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir. 2006), and we deny in part and grant in part the petition for review.

The record does not compel the conclusion that Khan established changed circumstances excusing the untimely filing of his asylum application.  *See* 8 C.F.R. § 208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam).  Accordingly, we deny the petition as to Khan's asylum claim.

We conclude substantial evidence does not support the agency's adverse credibility determination.  *See Singh*, 439 F.3d at 1110.  Substantial evidence does not support the agency's finding based upon any conflict between Khan's testimony and his medical certificate.  *See Singh v. Ashcroft*, 362 F.3d 1164, 1171 (9th Cir. 2004) (discrepancy had no bearing on credibility because it was not an attempt to enhance petitioner's claim).  Substantial evidence also does not support the agency's finding based on Khan's inability to recall four of the Awami League's "six points," because this lack of knowledge does not go to the heart of his claim.  *See Cosa v. Mukasey*, 543 F.3d 1066, 1070 (9th Cir. 2008).  In addition, Khan's failure to corroborate his claim with testimony or affidavits from his sisters in the United States does not support the agency's adverse credibility

determination.  *See Gui v. INS*, 280 F.3d 1217, 1227 (9th Cir. 2002) (where each of the proffered reasons for an adverse credibility finding fails, corroboration is not required).

Although the government contends the BIA alternatively denied withholding of removal and CAT relief on the merits, this alternative holding "is not controlling, because its explicit reasoning relied on an adverse credibility determination that we have determined is not supported by substantial evidence." *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1093 (9th Cir. 2009).

Accordingly, we grant the petition for review with respect to Khan's withholding of removal and CAT claims, and remand for the agency to consider these claims taking his testimony as true because "it is apparent from the record before us that the IJ and BIA have listed all possible reasons to support an adverse credibility determination, and they are inadequate in law or not supported by substantial evidence." *Id*. at 1095; *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The parties shall each bear their own costs on this petition for review.

**PETITION DENIED in part; GRANTED in part; REMANDED.**